J-S05034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROCCO LEO WING | |
| Appellant | No. 1122 WDA 2014 |

Appeal from the Order Entered June 12, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No: CP-37-CR-0000479-2009

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 27, 2015**

Appellant, Rocco Leo Wing, appeals from the June 12, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm in part, vacate in part, and remand.

On May 11, 2012, Appellant pled guilty to possession with intent to deliver a controlled substance ("PWID"), manufacturing methamphetamine in a structure where a child under the age of 18 is present, conspiracy, recklessly endangering another person ("REAP"), and identity theft.[1]  On July 12, 2012, the trial court imposed an aggregate 8 to 16 years of incarceration.  Appellant filed an untimely motion for modification of his

---

[1] 35 P.S. § 780-113(a)(30) and (38), 18 Pa.C.S.A. §§ 903, 2705, and 4120, respectively.

sentence on August 10, 2012. The trial court denied that motion on August 16, 2012.

On July 17, 2013, Appellant filed a timely first *pro se* PCRA petition. The PCRA court appointed counsel on July 23, 2012. The PCRA court conducted a hearing on March 24, 2014, at which Appellant and Appellant's plea counsel testified. On June 12, 2014, the trial court entered the order on appeal granting Appellant partial credit for time served but otherwise denying collateral relief. This timely appeal followed.

We review an order denying collateral relief to determine whether the record supports the PCRA court's findings and whether the court's ruling was free of legal error. **Commonwealth v. Timchak**, 69 A.3d 765, 769 (Pa. Super. 2013). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." **Id.**

Appellant argues the PCRA court erred in not awarding credit against his sentence for jail time he served from December 11, 2008 to March 29 2009. Appellant also argues plea counsel was ineffective in offering erroneous advice that induced Appellant's guilty plea. We will address these arguments in turn.

As noted above, the PCRA court's June 12, 2014 order granted Appellant additional credit for time served prior to sentencing. Appellant

argues, and the Commonwealth concedes, that Appellant is entitled to more credit than the PCRA court awarded. Both parties rely on 42 Pa.C.S.A. § 9760(4):

> § 9760. Credit for time served.
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> […]
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(4). This Court has held that a trial court's failure to award proper credit for time served implicates the legality of a sentence, and that this issue is cognizable under the PCRA. *Commonwealth v. Davis*, 852 A.2d 392, 399-400 (Pa. Super. 2004), *appeal denied*, 868 A.2d 1197 (Pa. 2005); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004).[2]

---

[2] We note that Appellant's argument implicates the trial court's written sentencing order and not a faulty computation of time by the Department of Corrections. The former is cognizable under the PCRA, whereas the latter falls within the original jurisdiction of the Commonwealth Court. *Commonwealth v. Heredia*, 97 A.3d 392, 394-95 (Pa. Super. 2014), *appeal denied*, 104 A.3d 524 (Pa. 2014).

Police arrested Appellant on December 11, 2008 and charged him with a variety of drug-related offenses. Appellant was incarcerated as of that date and unable to post bond. On March 29, 2009, while Appellant remained incarcerated, the Commonwealth withdrew the original charges and filed a new complaint. The charges in the March 29, 2009 complaint arose from the criminal acts leading to the December 11 arrest along with several additions. In its July 12, 2012 judgment of sentence, the trial court ordered credit for 1,201 days of time served. Judgment of Sentence, 7/12/12, at 3. On collateral review, the PCRA court noted Appellant was incarcerated for 1,235 days from March 30, 2009 through the July 12, 2012 judgment of sentence totaled 1,235 days. The PCRA court therefore awarded an additional 34 days of credit for time served. Order, 6/12/14, at ¶ 4. The PCRA court did not award credit for time served beginning with Appellant's arrest and incarceration on December 11, 2008. The Commonwealth concedes the plain language of § 9760(4) required the court to do so. We agree, and therefore vacate the PCRA court's order and remand for entry of a new order consistent with this memorandum.

Appellant second issue is that plea counsel's ineffective assistance caused him to enter an involuntary guilty plea. In the body of the appellate brief, Appellant's counsel opines that this issue lacks merit. Appellant's Brief at 14. Counsel representing a PCRA petitioner may choose from among three procedural options: (1) advocate on the petitioner's behalf, including

the filing of an advocate's brief with this court; (2) file in the PCRA court a petition to withdraw and no merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998) (*en banc*), or (3) file a ***Turner***/***Finley*** letter and petition to withdraw in this Court. ***See Commonwealth v. Quail***, 729 A.2d 571, 573 n.2 (Pa. Super. 1999). Here, counsel improperly combines two of these three options, filing an advocate's brief that includes an apparent no merit letter with regard to one issue. We are aware of no precedent authorizing this course of action. Given counsel's abandonment of Appellant's second issue and his failure to cite legal authority in support of its merit, we deem the issue waived. Pa.R.A.P. 2119(b).

We observe, nonetheless, that Appellant's second issue would fail even if we reached the merits. The PCRA court's opinion of January 12, 2014 thoroughly and accurately addressed the merits of Appellant's second issue. ***See*** Trial Court Opinion, 1/12/14, at 2-14. In particular, Appellant pled guilty after a thorough and adequate colloquy evincing that his plea was knowing, intelligent, and voluntary. We would reject Appellant's argument on the basis of the legal analysis set forth in the PCRA court's opinion. We direct that a copy of the trial court opinion be filed along with this memorandum.

To summarize, we vacate that portion of the PCRA court's order pertaining to credit for time served. We affirm the remainder of the PCRA

court's order.  We remand for entry of a new order in accordance with this memorandum.

Order vacated in part and affirmed in part.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/27/2015

COMMONWEALTH OF
PENNSYLVANIA,

vs.

ROCCO LEO WING,

        Defendant.

: IN THE COURT OF COMMON PLEAS
:
: LAWRENCE COUNTY, PENNSYLVANIA
:
: NO. 479 OF 2009, C.R.
:
: OTN: K843807-6
:
:

## APPEARANCES

FOR THE COMMONWEALTH:

Gregory J. Simatic, Esquire
Deputy Attorney General
Office of the Attorney General
564 Forbes Avenue, 6th Floor
Pittsburgh, PA 15219

FOR THE DEFENDANT:

*pro se*
Standby Counsel:
John J. Bongivengo, Esquire
1301 West State Street, Suite B
New Castle, PA 16101

## OPINION

Piccione, J.                                                                                     June 12, 2014

    Before the Court for disposition is the *pro se* Motion for Post Conviction Collateral Relief (hereinafter, the "PCRA") filed by the Defendant, Rocco Leo Wing (hereinafter, the "Defendant"). The Defendant raised incidents during which he purportedly received ineffective assistance from his prior counsel. The Defendant contends that such ineffective assistance of his trial counsel so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Because of the alleged errors of his prior attorney, the Defendant

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

2014 JUN 12 P 1:19

Circulated 03/31/2015 10:43 AM

requests this Court permit him to modify his sentence, or permit him to withdraw his guilty plea.[1] For the following reasons, the Defendant's PCRA is denied.

On May 11, 2012, the Defendant entered a plea of guilty to the charges of possession with intent to deliver a controlled substance pursuant to 35 P.S. § 780-113(a)(30), manufacturing methamphetamine in a structure where a child is present pursuant to 35 P.S. § 780-113(a)(38), criminal conspiracy – engage in manufacturing pursuant to 18 Pa.C.S.A. § 903(a)(1), possession with intent to deliver and/or unlawful delivery of a controlled substance, recklessly endangering another person pursuant to 18 Pa.C.S.A. § 2705, and identity theft pursuant to 18 Pa.C.S.A. § 4120(a). The Defendant was represented by counsel, who negotiated the plea on his behalf. The Defendant completed a written guilty plea colloquy, and a plea hearing was held before this Court. After an oral colloquy was conducted, the Court accepted the plea agreement, and, on July 12, 2012, the Court sentenced the Defendant to an aggregate term of not less than eight (8) years nor more than sixteen (16) years of incarceration to be served in a state correctional institution.

The Defendant filed neither post sentence motions nor a direct appeal from his sentencing order. Instead, on July 23, 2013, the Defendant filed the timely PCRA, wherein he argues that his guilty plea to the above-listed charges was unlawfully induced by his prior counsel. The Defendant argues that his prior counsel's ineffectiveness rendered his guilty plea to be entered unknowingly and involuntarily.

---

[1] In his *pro se* Motion, the Defendant also requests this Court reinstate his appellate rights. This Court wishes to acknowledge this request, but finds it to be inappropriate in the instant circumstances. The Pennsylvania Supreme Court "held that claims of ineffective assistance of counsel should ordinarily be reserved for collateral review." Comm. v. Blye, 33 A.3d 9, 12 n.3. (Pa. Super. 2011) (citing Comm. v. Grant, 813 A.2d 726 (Pa. 2002). The Defendant did not file post sentence motions or a direct appeal of his sentence arguing claims of ineffective assistance of counsel, nor did he waive his right to file a PCRA. See Grant, *supra*. Therefore, the Court believes this issue is properly before the Court as contained within his PCRA and that reinstating the Defendant's right to direct appellate review of his sentencing order is not a proper relief.

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

2014 JUN 12 P 1:18
2

HELEN MORGAN

Circulated 03/31/2015 10:43 AM

On March 24, 2014, this Court held a hearing on the PCRA, during which time the Court heard testimony from the Defendant and his prior counsel.

The PCRA permits a petitioner to seek post-conviction relief for a claim of the ineffective assistance of trial counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). Under Pennsylvania law, there is a basic presumption that counsel acted effectively. Comm. v. Jones, 942 A.2d 903, 906 (Pa. Super. 2008). Thus, the burden rests on the petitioner to demonstrate ineffectiveness. Id. To do so, the petitioner "must plead and prove by a preponderance of evidence that his conviction resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reasonable adjudication of guilt or innocence could have taken place." Comm. v. Granberry, 644 A.2d 204, 207 (Pa. Super. 1994) (citing Comm. v. Dukeman, 565 A.2d 1204 (Pa. Super. 1989)).

Pennsylvania courts apply a three-prong test to determine whether the petitioner has established ineffectiveness of counsel. Comm. v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006). The petitioner must first demonstrate that the issue underlying the claim has arguable merit. Id. Next, if the claim does have arguable merit, it must then be determined whether counsel's acts or omissions had some reasonable basis designed to serve the interests of his client. Id. "Once it has been determined that the particular course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests, counsel will be deemed constitutionally effective." Comm. v. Miller, 431 A.2d 233, 235 (Pa. 1981) (citing Comm. ex rel. Washington v. Maroney, 235 A.2d 349 (Pa. 1978)). If a reasonable basis for counsel's actions cannot be found, the petitioner must show that the ineffectiveness of counsel resulted in

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

2014 JUN 12 P 1: 18

3

prejudice to him. Sneed, 899 A.2d at 1076. "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." Comm. v. Pierce, 786 A.2d 203, 213 (Pa. 2001) (citing Comm. v. Kimball, 724 A.2d 326, 332 (Pa. 1999)). Failure to satisfy any of the three prongs will require rejection of the claim. Comm. v. Hammond, 953 A.2d 544, 556 (Pa. Super. 2008).

In the context of a guilty plea, ineffectiveness of counsel will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an "involuntary and unknowing plea." Comm. v. Moser, 921 A.2d 526, 531 (Pa. Super. 2007). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id. (citing Comm. v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002)). "A plea of guilty is unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." Comm. v. Rachak, 62 A.3d 389, 394 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9543(a)(iii).

The withdrawal of a guilty plea after sentence is imposed requires that the defendant show that a manifest injustice occurred, which mandates that the plea was entered into involuntarily, unknowingly, or unintelligently. Comm. v. Muhammad, 794 A.2d 378, 383 (Pa. Super. 2002). The Court must examine the totality of the circumstances and determine whether the plea was entered into involuntarily or without knowledge of the charges. Comm. v. Kephart, 594 A.2d 358 360 (Pa. Super. 1991). "The Pennsylvania Rules of Criminal Procedure mandate that a guilty plea be

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

2014 JUN 12  P I: 18

Circulated 03/31/2015 10:43 AM

offered in open court, and advise that the trial court should inquire into at least six areas in order to show that the plea was voluntarily, knowingly, and intelligently entered." Rachak, 62 A.3d at 394. The Court must inquire into the following areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement

Comm. v. Willis, 369 A.2d 1189, 1189-1190 (Pa. 1977).

At the time of the Defendant's guilty plea, the Court went through an oral colloquy prior to accepting the plea agreement. The Defendant indicated that he heard and understood the Commonwealth's recommendation and still wished to enter a plea of guilty. The Commonwealth also conducted the following an oral colloquy with the Defendant:

Q:  Mr. Wing, could you state your name for the record, please.

A:  Rocco Leo Wing.

Q:  And can you read, write and understand the English language?

A:  Yes, ma'am.

Q:      Okay. And you understand you're here today pleading guilty to several counts, including manufacturing of methamphetamine, manufacturing methamphetamine in a child's home, identity theft, conspiracy to commit manufacturing of methamphetamine and recklessly endanger another person?

A:      Yes, ma'am.

Q:      Have you had any drugs, alcohol or prescription medication, within the last 24 hours?

A:      No, ma'am.

Q:      Do you have a clear head and do you understand the purpose of today's proceedings?

A:      Yes, ma'am.

Q:      And did your attorney give you this form that I'm holding here that explains your rights and the rights you give up by pleading guilty (indicating)?

A:      Yes, ma'am.

Q:      And are these your initials at the bottom of each page?

A:      Yep.

Q:      And did you, in fact, sign the last page? Actually, you used your initials; is that correct?

A:      Yes, ma'am.

...

Q:      Did you understand all the questions on this guilty plea form?

A:      Yes, ma'am.

Q:      And did you answer all the questions truthfully and of your own free will?

A:      Yes, ma'am.

2014 JUN 12 P 1:18

Circulated 03/31/2015 10:43 AM

Q: Do you have any questions at all about either the form or what's going on in court here today?

A: No, ma'am.

Q: Did anyone make any threats of force or promises to get you to enter into this plea?

A: No, ma'am.

Q: And do you understand that the manufacturing of methamphetamines is an ungraded felony and carries a maximum incarceration of up to 20 years and a maximum fine of up to $200,000?

A: Yes, ma'am.

Q: And do you understand that manufacturing methamphetamine in a child's home carries a maximum sentence of seven years and a maximum fine of $25,000?

A: Yes, ma'am.

Q: And do you understand that conspiracy to manufacture carries a maximum sentence of ten years and a maximum fine of $100,000?

A: Yes, ma'am.

Q: And do you understand that identity theft carries a maximum incarceration of seven years and a maximum fine of $15,000?

A: Yes, ma'am.

Q: And do you understand that the Court has not taken part in the plea agreement. The plea agreement I'm speaking of are the recommendations we've made. Do you understand that?

A: Yes, ma'am.

Q: And do you understand that if the Court accepts your guilty plea, but sentences you beyond the terms and the Commonwealth has recommended, you have no absolute right to withdraw your guilty plea?

7

A:     Yes, ma'am.

Q:     And do you understand you had a right to proceed to a jury trial in this case?

A:     Yes, ma'am.

Q:     And did you understand that if you chose to go to trial, you would have been presumed innocent until proven guilty and if would have been up to the Commonwealth to prove to all 12 jurors beyond a reasonable doubt that you are guilty?

A:     Yes, ma'am.

Q:     And you heard me read from the information regarding the charges in that you committed several unlawful deliveries in Lawrence County and Butler County, that you manufactured methamphetamine in the home of Daisy, Vanessa and Melina, that you committed identify theft against Elijah Silver, that you conspired to commit manufacturing of methamphetamine with Martha mills and that you recklessly endangered the lives of Vanessa, Daisy and Melina; is that correct?

A:     Yes, ma'am.

Q:     Okay.  And do you admit that those facts that I read are true and effect?

A:     Yes, ma'am.

Q:     Did you talk to your attorney about the guilty plea you're entering today?

A:     I did.

Q:     And did your attorney explains [sic] to you the nature and the elements of the charges against you and the — and what the Commonwealth would have to prove to the jury if you chose to go to trial?

A:     Yes, ma'am.

Circulated 03/31/2015 10:43 AM

Q:    And are you satisfied with the services that Mr. Bonner's provided you in this case?

A:    Yes, ma'am.

N.T. Guilty Plea pgs. 11-16. Based upon the above oral colloquy as well as the supplemental written colloquy, the Court found that the Defendant was entering his plea of guilty voluntarily, knowingly, and intelligently. As the Defendant stated in the above colloquy, it was his decision to enter the guilty plea, and he was satisfied with his legal representation. He agreed with the factual basis upon which the charges were based. The Defendant also stated he had not been coerced or threatened to plead guilty, or that there was guaranteed sentence to be imposed, and that he could have proceeded to trial but elected to enter the instant plea.

In his PCRA, the Defendant argues that his plea was not voluntarily, knowingly, and intelligently entered because he was mislead to plead guilty to the charge of identity theft after he had continued to proclaim his innocence of that charge. During the hearing on the PCRA, the Defendant's prior counsel was questioned about his negotiations with the Commonwealth. His prior counsel testified that he had numerous discussions with the Assistant Attorney General regarding the comprehensive plea agreement prior to the date of the plea hearing. Counsel also testified that he recalled that he and the Defendant discussed the possibility of excluding the charge of identity theft, but the Commonwealth would not accept that offer.

At the time of the plea hearing, the Defendant's prior counsel testified that he had discussed the plea agreement with the Defendant and explained to him that although the Defendant had disfavored including the charge of identity theft as a part of the agreement, there was far too much risk to proceed to trial because the

Circulated 03/31/2015 10:43 AM

Commonwealth had sufficient evidence to present, which would likely result in a conviction on greater charges. Further, the Defendant interrupted his counsel during the plea colloquy to review the terms of the agreement. Counsel indicated that at no point did the Defendant convey that he did not wish to proceed any further with the plea hearing.

The Defendant testified, however, that he was under the impression that he was not entering a guilty plea to the charge of identity theft. The Defendant testified that his prior counsel visited him in prison prior to the plea hearing and his counsel informed him that he would not have to plead guilty to identity theft. Additionally, prior to the commencement of the plea hearing on May 11, 2012, the Defendant's prior counsel discussed the plea with him. Even then, the Defendant asserts that identity theft was never discussed with him. The Defendant completed a written guilty plea colloquy prior to the hearing. On the second page of the guilty plea colloquy, the charge of identity theft was written, but crossed off. The Defendant asserts that the first time he heard that the charge of identity theft was included in the plea agreement was when the Commonwealth stated so on the record. At that time, the Defendant interrupted the colloquy to ask his counsel why identity theft was included and asserted he never agreed to plead guilty to the charge. The Defendant recalled that his prior counsel indicated that if he went to trial, he would likely be found guilty of this charge and he would not advise rejecting the plea offer at that time.

The Defendant explained that entered the plea of guilty to the charge of identity theft because he did not want to waste the Court's time. He stated that he had been in prison for approximately 43 months; and he previously had a plea hearing scheduled

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

Circulated 03/31/2015 10:43 AM

that had to be continued and did not want the Court to take this into consideration upon sentencing. The Defendant testified that he was completely surprised when he heard that the Commonwealth included the charge of identity theft in the plea agreement and felt as if he were coerced into entering a plea of guilty to it.

Based upon the above, the Court believes there is no question that the Defendant entered his plea knowingly, voluntarily and intelligently. The Defendant affirmed and reaffirmed his knowledge of the terms of the plea agreement in oral and in written form. The Defendant even stated that he was satisfied with his legal representation. "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Comm. v. Yeomans, 24 A.3d 1044, 1045 (Pa.Super. 2011). "[A] defendant who elects to plead guilty has a duty to answer questions truthfully. [The Court cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." Comm. v. Pollard, 832 A.2d 517, 523-24 (Pa. Super. 2003).

The Court refers to Comm. v. Rathfon for guidance. 899 A.2d 365 (Pa. Super. 2006). In Rathfon, the trial court found ineffective assistance of counsel with regard to a defendant's plea agreement and permitted the defendant to withdraw his guilty plea. While serving a sentence in a state prison facility for prior crimes, the defendant pleaded guilty to charge of corruption of minors with a recommended sentence of

Circulated 03/31/2015 10:43 AM

incarceration of nine (9) to eighteen (18) months in the county facility. At the time of the plea hearing, no one recognized that the defendant would not be able to serve his sentence in county jail because his prior convictions. The defendant's sentence would be aggregated consecutively with his state prison sentence. After the Department of Corrections aggregated his sentence with his prior sentence, the defendant filed a PCRA petition asserting ineffective assistance of his plea counsel.

In the PCRA, the defendant argued that as a result of his plea counsel's ineffective assistance, the defendant entered his plea involuntarily and unknowing. At the plea hearing, the defendant asserted that his plea was conditioned upon his receiving a county sentence. The defendant argued that his plea agreement was bargained for and would not have entered a plea of guilty had he known that he would not be able to serve his sentence in county prison. After the hearing, the trial court permitted the defendant to withdraw his guilty plea, and the Commonwealth appealed.

On appeal, the Superior Court of Pennsylvania found that the record supported the trial court's determination that there was a reasonable probability that the defendant would not have pleaded guilty had he known that he would not have been able to serve his sentence in a county facility. As a result, the Superior Court affirmed the trial court's order, which permitted the defendant to withdraw his guilty plea. The Superior Court reasoned that the defendant had bargained for a county sentence and did not get what he bargained for. The Superior Court stated that the defendant was under "the continuing misapprehension that the sentence would be served in the county jail[.]" Id. at 371.

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

Circulated 03/31/2015 10:43 AM

This Court finds the above case to be distinguishable from the instant case. In Rathfon, the defendant entered into a plea agreement with terms that were impossible to fulfill. The defendant did not discover this impossibility until an action by the Department of Corrections, eight months after he was sentenced by the trial court. The defendant in Rathfon did not get what he bargained for. In the instant case, the Defendant stated under oath that he committed the crimes with which he was charged. He stated that the factual basis for the crimes was accurate and he understood the implications of his guilty plea and he was voluntarily entering the plea. The Defendant could have stopped the proceedings at any point to state that he did not wish to enter a guilty plea to the charge of identity theft, but he did not. He did not exhibit any indication that he did not wish to plead guilty. Moreover, at the time of the Defendant's sentencing, the Court also gave the Defendant an opportunity to place any statement on the record. The Defendant communicated his intent to serve his sentence then to make better decisions in his life. When the Court asked him if he had any questions, the Defendant answered that he did not. Here, the Defendant received exactly what he bargained for.

Unlike in Rathfon, here, there is no indication that the Defendant was under a continuing misapprehension of the terms of his agreement. However, assuming, *in arguendo*, that the Defendant did not agree to plead guilty to identity theft prior to the plea hearing, the record indicates that he had a discussion with his counsel during the hearing and stated that he did not wish to take a recess, that he wished to continue. Based upon these facts, there is no question that the Defendant entered his plea knowingly, voluntarily and intelligently. The Defendant affirmed and that he was

Circulated 03/31/2015 10:43 AM

knowingly and voluntarily pleading guilty to the charges listed above. The Defendant even stated that he was satisfied with his legal representation. The Defendant cannot now recant his representations made under oath to the Court.

Additionally, the Defendant is not able to prove that his prior counsel's actions have prejudiced him. "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." Hickman, 799 A.2d at 141. "The reasonable probability test is not a stringent one; it merely refers to a 'probability sufficient to undermine confidence in the outcome." Comm. v. Barndt, 74 A.3d 185,192 (Pa. Super. 2013) (internal quotation marks and citations omitted). Because this Court finds that the Defendant entered his plea of guilty knowingly, voluntarily and intelligently, the Defendant is unable to show he has suffered prejudice. He cannot show that but for his counsel's actions, he would not have accepted the plea agreement. As stated in Pollard, "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." 832 A.2d at 524. For the foregoing reasons, the Court agrees with the Commonwealth that the Defendant is bound by his statements and may not be permitted to withdraw his guilty plea or modify his sentence under this theory.

Next, the Defendant argues that he received ineffective assistance from his prior counsel because his prior counsel failed to file a post-sentence motion. During the hearing on the PCRA, the Defendant testified that he did not discuss an appeal with his prior counsel, but he did write him a letter asking him to file a motion for

Circulated 03/31/2015 10:43 AM

modification. The Defendant attached this letter to his PCRA. Upon review, the Defendant wrote that he believes his sentence is too harsh. He stated that he did not wish to withdraw his plea. On August 10, 2012, the Defendant's prior counsel did file the Motion for Sentence Reduction/Modification, in which he asks the Court to lessen his sentence. This Motion was denied by this Court. Because the Defendant's prior counsel performed exactly as the Defendant asked, the Defendant did not receive ineffective assistance for failing to file any further post-sentence motion.

Lastly, the Defendant argues that he received ineffective assistance from his prior counsel because he was not provided with the proper credit for time already served in prison. According to the Lawrence County Jail records, the Defendant was incarcerated prior to sentencing for purposes of the instant case from March 30, 2009 to August 15, 2012, totaling one thousand two hundred thirty-five (1235) days. According to the Defendant's sentencing order, the Defendant was credited with one thousand two hundred one (1201) days served. As a result, the Defendant is entitled to be credited with an additional thirty-four (34) days attributable to his current sentence.

Based upon the foregoing, the Defendant's Motion for Post-Conviction Collateral Relief is hereby granted in part and denied in part.

53RD
JUDICIAL
DISTRICT

LAWRENCE COUNTY
PENNSYLVANIA

15

Circulated 03/31/2015 10:43 AM